**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-2047**

─────────────

FENYANG STEWART,

        Plaintiff - Appellant,

    v.

GINA M. RAIMONDO, Hon., in her official capacity as Secretary, U.S. Department of Commerce; KATHI VIDAL, in her official capacity as Director, United States Patent & Trademark Office,

        Defendants - Appellees.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:18-cv-01369-LMB-JFA; 1:16-cv-00213-LMB-JFA)

─────────────

Submitted:  February 16, 2023                    Decided:  February 21, 2023

─────────────

Before GREGORY, Chief Judge, RUSHING, Circuit Judge, and FLOYD, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Fenyang Ajamu Stewart, Appellant Pro Se.  Dennis Carl Barghaan, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellees.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fenyang Stewart appeals the district court's order denying his postjudgment motion for leave to file a second amended complaint. We review a district court's denial of a motion to amend a complaint for an abuse of discretion. *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc). As we have explained, "a court should evaluate a postjudgment motion to amend the complaint under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (internal quotation marks omitted).

Upon review of the record, we discern no reversible error in the district court's disposition and, thus, we affirm.* Specifically, allowing the amendment would have prejudiced Defendants given that Stewart's case, which was complex and involved a multitude of claims, was actively litigated for years prior to issuance of the district court's dispositive order, and Stewart sought leave to file a second amended complaint almost two-and-a-half years after the underlying district court proceedings concluded and almost a year after the Supreme Court denied his petition for a writ of certiorari. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (explaining that, "while delay alone is an insufficient reason to deny a [postjudgment] motion to amend, the further the case progressed before judgment was entered, the more likely it is that the

---

* In so affirming, we recognize our authority to "affirm on any grounds apparent from the record." *United States v. Caldwell*, 7 F.4th 191, 200 n.4 (4th Cir. 2021) (internal quotation marks omitted).

2

amendment will prejudice the defendant" (internal quotation marks omitted)). Accordingly, we affirm the denial of Stewart's postjudgment motion for leave to file a second amended complaint. *Stewart v. Raimondo*, No. 1:18-cv-01369-LMB-JFA (E.D. Va. Sept. 2, 2022). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*